**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| VANTAGE POINT TECHNOLOGY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| NVIDIA CORPORATION, | ) ) ) |
| Defendants. | ) ) ) ) ) ) |

Civil Action No. 2:13-CV-00924-JRG

Hon. Rodney Gilstrap

JURY TRIAL DEMANDED

**DEFENDANT NVIDIA CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES,
AND COUNTERCLAIMS IN RESPONSE TO VANTAGE POINT TECHNOLOGY,
INC.'S COMPLAINT**

Defendant NVIDIA Corporation ("NVIDIA") answers the Complaint of plaintiff Vantage

Point Technology, Inc. ("Vantage Point") ("Plaintiff") as follows, denying the Plaintiff's

allegations and averments except that which is expressly admitted herein.

**THE PARTIES**

1.     NVIDIA is without knowledge or information sufficient to form a belief as to the

truth of the allegations of paragraph 1, and therefore denies them.

2.     NVIDIA admits that it is a Delaware corporation with its principal place of

business at a principal place of business at 2701 San Tomas Expressway, Santa Clara, California

95050.  NVIDIA admits that it may be served with process via its registered agent Corporation

Service Company dba CSC - Lawyers Incorporating Service Company, 211 E. 7th Street, Suite

620, Austin, Texas 78701.

1

## JURISDICTION AND VENUE

3.      NVIDIA admits that the Plaintiff's Complaint purports to state a cause of action for patent infringement. NVIDIA further admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.      NVIDIA admits that some downstream products containing NVIDIA chips are sold in this district, but denies that it has committed acts of patent infringement in this district, either directly or indirectly. NVIDIA admits that it is registered to do business in the State of Texas.  NVIDIA denies the remaining allegations of paragraph 4.

5.      Paragraph 5 states a legal conclusion with respect to venue, to which no response is required. NVIDIA further states that even if venue were proper in this district, it is inconvenient.  NVIDIA denies that any acts of infringement have occurred in this District.

## COUNT 1

## INFRINGEMENT OF U.S. PATENT NO. 5,463,750

6.      NVIDIA admits that U.S. Patent No. 6,463,750 (the "'750 patent") is entitled "Method and Apparatus for Translating Virtual Addresses in a Data Processing System Having Multiple Instruction Pipelines and Separate TLB's for each Pipeline," that the '750 patent bears an application date of November 2, 1993, that the '750 patent bears an issuance date of October 31, 1995, that the '750 patent on its face appears to indicate that Intergraph Corporation was an assignee, and that a purported copy of the '750 patent is attached as Exhibit A to the Complaint. NVIDIA denies all other allegations of paragraph 6.

7.      Paragraph 7 states a legal conclusion to which no response is required.  To the extent that Paragraph 7 states fact, NVIDIA is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

8.      NVIDIA admits that its products include products denominated Tegra 250

AP20H, Tegra 250 T20, Tegra 250 SMP, Tegra 250 3D AP25, Tegra 2503D T25, Tegra 3 T30L,

Tegra 3 T30, Tegra 3 T33, Tegra 4, and Tegra 4i and that some of those products include chips

with ARM core processor designs .  The remaining allegations of paragraph 8 are denied.

9.      Denied.

10.     Denied.

## PRAYER FOR RELIEF

NVIDIA denies that the Plaintiff is entitled to any of the relief requested in their

prayer for relief or any relief whatsoever.

## DEMAND FOR JURY TRIAL

NVIDIA joins the Plaintiff's request for a trial by jury on all issues so triable in this

action.

## AFFIRMATIVE DEFENSES

In addition to the affirmative defenses described below, NVIDIA specifically

reserves all rights to allege additional affirmative defenses that become known through

the course of discovery.

### FIRST DEFENSE

#### (Failure to State a Claim for Relief)

1.      The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

#### (Non-infringement of the '750 patent)

2.      NVIDIA does not infringe and has not infringed (either directly, contributorily, or

by inducement) any valid claim of the '750 patent, either literally or under the doctrine of

equivalents.

## THIRD DEFENSE

### (Prosecution history estoppel and/or prosecution disclaimer)

3.      Prosecution history estoppel and/or prosecution disclaimer precludes any finding of infringement.

## FOURTH DEFENSE

### (Invalidity)

4.      The claims of the '750 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 et seq., 101, 102, 103, and 112 of Title 35 of the United States Code.

## FIFTH DEFENSE

### (Waiver, laches and/or estoppel)

5.      The claims for relief are barred, in whole or in part, by waiver, laches, and/or estoppel.

## SIXTH DEFENSE

### (License)

6.      The Plaintiff's claims for patent infringement are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are licensed under the '750 patent.

## SEVENTH DEFENSE

7.      To the extent the alleged invention has been used or manufactured by or for the United States, the claims for relief are barred by 28 U.S.C. § 1498.

## COUNTERCLAIMS

NVIDIA incorporates herein by reference the admissions, allegations, denials, and

Affirmative Defenses contained in its Amended Answer above as if fully set forth herein.

For its Counterclaims against the Plaintiff and upon information and belief, NVIDIA

states as follows.

### THE PARTIES

1.      Defendant NVIDIA Corporation ("NVIDIA") is a California corporation with its

principal place of business at 5300 California Avenue, Irvine, CA. 92617.

2.      Vantage Point alleges in the Complaint that it is a Texas corporation with its

principal place of business in Tyler, Texas..

### JURISDICTION AND VENUE

3.      NVIDIA brings these counterclaims under the Patent Laws of the United States,

35 U.S.C. §§ 1 et seq., for a declaratory judgment pursuant to §§ 2201-02 that the '750 patent

has not been infringed and is not being infringed by NVIDIA and that the '750 patent is invalid.

4.      Subject to NVIDIA's affirmative defenses and denials, NVIDIA alleges that to

the extent this Court has jurisdiction over the Plaintiff's claims against NVIDIA, this Court has

jurisdiction over the subject matter of these Counterclaims under, without limitation, 28 U.S.C.

§§ 1331, 1338(a), 2201, and 2202.

5.      This Court has personal jurisdiction over the Plaintiff.

6.      To the extent that venue over the Plaintiff's claims is found to be proper, venue is

proper in this District for these Counterclaims pursuant to 28 U.S.C. § 1391(b)–(c).

### FACTUAL BACKGROUND

7.      In their Complaint, the Plaintiff asserts that NVIDIA has infringed U.S. Patent

No. 5,463,750 (the "'750 patent").

8.      The '750 patent is invalid, is unenforceable by the Plaintiff, and/or has not been and is not being infringed by NVIDIA, either directly or indirectly, literally or under the doctrine of equivalents.

9.      There is an actual case or controversy between the parties over the invalidity, unforceability by the Plaintiff, and noninfringement of the '750 patent.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,463,750)

10.     NVIDIA restates and incorporates by reference its allegations in paragraphs 1 through 9 of its Counterclaims.

11.     An actual case or controversy exists between NVIDIA and the Plaintiff as to whether the '750 patent is not infringed by NVIDIA.

12.     A judicial declaration is necessary and appropriate so that NVIDIA may ascertain its rights regarding the '750 patent.

13.     NVIDIA has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '750 patent.

## COUNT TWO

### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,463,750)

14.     NVIDIA restates and incorporates by reference its allegations in paragraphs 1 through 13 of its Counterclaims.

15.     An actual case or controversy exists between NVIDIA and the Plaintiff as to whether the '750 patent is invalid.

16.     A judicial declaration is necessary and appropriate so that NVIDIA may ascertain its rights as to whether the '750 patent is invalid.

17.     The '750 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.

## PRAYER FOR RELIEF

WHEREFORE, NVIDIA prays for judgment as follows:

a.      A judgment dismissing the Plaintiff's complaint against NVIDIA with prejudice;

b.      A judgment in favor of NVIDIA on all of its Counterclaims;

c.      A declaration that NVIDIA has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid claims of the '750 patent;

d.      A declaration that the '750 patent is invalid;

e.      A declaration that this case is exceptional and an award to NVIDIA of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

f.      Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, NVIDIA respectfully demands a jury trial of all issues triable to a jury in this action.

- 7 -

Dated:  January 6, 2014                    Respectfully submitted,


                                           */s/ Michael E. Jones*
                                           Michael E. Jones
                                           State Bar No. 10929400
                                           mikejones@potterminton.com
                                           POTTER MINTON
                                           A Professional Corporation
                                           110 N. College, Suite 500
                                           Tyler, TX 75702
                                           Tel: (903) 597-8311
                                           Fax: (903) 593-0846

                                           Kevin P. Anderson
                                           kanderson@wileyrein.com
                                           WILEY REIN LLP
                                           1776 K Street, NW
                                           Washington, D.C. 20006
                                           Tel: 202.719.7000
                                           Fax: 202.719.7049

                                           *Attorneys for Defendant NVIDIA Corporation*

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on January 6, 2014.



                                           */s/ Michael E. Jones*

- 8 -